UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATIE MERRITT, *et al.*,

                            Plaintiffs,

                v.                                        3:25-CV-61
                                                           (AMN/DJS)

ADAM SNYDER,

                            Defendant.
_____

**APPEARANCES:**

KATIE MERRITT
Plaintiff, *Pro Se*
Vestal, New York 13851

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has forwarded for review a civil complaint filed by Plaintiff. The filing fee in this action has not been paid, but Plaintiff has filed a motion to proceed *in forma pauperis*. Dkt. No. 2. That Motion has been granted. The matter has been referred to the undersigned for an initial review pursuant to L.R. 72.3.

      Plaintiff has also filed a Motion for Permission to File Electronically in ECF. Dkt. No. 4. Given the recommendation made below that this Court lacks jurisdiction over this action, that Motion is denied.

- 1 -

## I. FACTUAL ALLEGATIONS IN THE COMPLAINT

The Complaint alleges that between April 2017 and January 2025, Defendant "engaged in abusive conduct, physical assault, verbal abuse, emotional harm, [] sexual assault, and child abuse." Dkt. No. 1, Compl. at p. 2. The Complaint identifies several physical injuries allegedly inflicted by Defendant. *Id.* at pp. 2-3. Plaintiff Katie Merritt alleges that Defendant "directly caused physical injuries" to her, caused her emotional trauma, and engaged in a pattern of conduct including lying to law enforcement and judicial officials which caused Plaintiff personal and emotional difficulties. *Id.* at p. 2. Finally, Plaintiff also alleges that Defendant was physically abusive to Katie Merritt's children. *Id.* at p. 3.

The Complaint lists four causes of action: assault, battery, intentional infliction of emotional distress, and negligence. *Id.* at pp. 3-4. It seeks unspecified compensatory and punitive damages. *Id.* at p. 4.

## II. GOVERNING LEGAL STANDARD

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

- 3 -

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### III. DISCUSSION

### A. Plaintiff's Claims on Behalf of her Children

It appears that Plaintiff may intend to assert claims on behalf of her children.[2] The Complaint identifies Plaintiff Katie Merritt's five children as Plaintiffs. Compl. at p. 7. While a litigant in federal court has the right to act as her own counsel, "[a] person who has not been admitted to the practice of law may not represent anybody other than [her]self." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (citation omitted). This rule extends to parents: "a parent not admitted to the bar cannot bring an action pro se in

---

[2] It is unclear whether Plaintiff's children are minors. The only indication regarding the children's ages contained in the Complaint are references to child protective services. If the children are not minors or incompetent, Plaintiff may not in any event bring claims on their behalf. FED. R. CIV. P. 17. In light of this, the Court does not address whether diversity jurisdiction might exist with respect to the children who are alleged to reside in Pennsylvania. *See* Compl. at p. 2.

- 4 -

federal court on behalf of his or her child." *Tindall v. Pultney High School Dist.*, 414 F.3d 281, 284-85 (2d Cir. 2005).

### B. The Court's Jurisdiction

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its jurisdiction. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); *Manway Const. Co. v. Hous. Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Federal jurisdiction exists only when a federal question is presented (28 U.S.C. § 1331), or where there is diversity of citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332)." *Boimah v. New York State Workers' Comp. Bd.*, 2018 WL 3850785, at *2 (N.D.N.Y. July 9, 2018), *report and recommendation adopted*, 2018 WL 3850630 (N.D.N.Y. Aug. 13, 2018) (internal quotation omitted).

Having reviewed the Complaint, the Court recommends that it be dismissed without prejudice based on lack of jurisdiction. Plaintiff does not assert any basis for federal question jurisdiction. No federal statutory or constitutional rights violations are

alleged and that failure "renders the Complaint insufficient to confer jurisdiction upon the Court." *Id.* at *2. The stated causes of action – assault, battery, intentional infliction of emotional distress, and negligence – "are traditional state common law questions that do not 'arise under' federal law." *Gray v. Amazon*, 2020 WL 8474763, at *1 (N.D.N.Y. Sept. 29, 2020), *report and recommendation adopted sub nom. Gray on behalf of B.G. v. Amazon*, 2021 WL 129051 (N.D.N.Y. Jan. 14, 2021). Therefore, there is no basis for federal question jurisdiction here.

There is also no basis for finding diversity jurisdiction. "Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011). "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (internal quotations omitted). The Complaint, however, alleges that both Plaintiff and Defendant are residents of New York. Compl. at p. 2. As a result, there is also no diversity jurisdiction in this case.

As noted above, in the absence of subject matter jurisdiction "dismissal is mandatory." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013). Dismissal for lack of subject matter is without prejudice, *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d

114, 121 (2d Cir. 2017), and so the Court recommends that Plaintiff's Complaint be dismissed without prejudice.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Permission to File Electronically in ECF is **DENIED**; and it is

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED without prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: February 11, 2025
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge