UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATIE MERRITT, *et al.*,

                              Plaintiffs,

        v.                                            3:25-CV-61 (AMN/DJS)

ADAM SNYDER,

                              Defendant.
_____

**APPEARANCES:**

**KATIE MERRITT**
P.O. Box 84
Vestal, New York 13851
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I. INTRODUCTION

On January 11, 2025, Plaintiff Katie Merritt and her children B.K., A.K., S.S., C.S., and B.J.K, commenced this action *pro se* against Adam Snyder alleging physical and emotional abuse from April 2017 to January 2025. *See* Dkt. No. 1 ("Complaint").

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and on February 11, 2025, recommended that the Complaint be dismissed without prejudice due to a lack of subject matter jurisdiction. *See* Dkt. No. 7 at 7 ("Report-Recommendation").[1] Magistrate Judge Stewart advised that pursuant to 28

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. No objections have been filed, and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). After appropriate

review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Stewart first noted that Plaintiff may intend to assert claims on behalf of her children. Dkt. No. 7 at 4. The Court finds no clear error in the Report-Recommendation's finding that Plaintiff may not do so because, generally, "a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child." *Id.* at 4-5 (quoting *Tindall v. Pultney High School Dist.*, 414 F.3d 281, 284-85 (2d Cir. 2005)).

Next, Magistrate Judge Stewart found that the Court lacks subject matter jurisdiction over the claims asserted in the Complaint. *Id.* at 5. The Court finds no clear error in the Report-Recommendation's determination that the Complaint asserts no basis for federal question jurisdiction. The stated causes of action—assault, battery, intentional infliction of emotional distress, and negligence—are all "traditional state common law questions that do not 'arise under' federal law." *Id.* at 6 (quoting *Gray v. Amazon*, 1:20-CV-715 (MAD/DJS), 2020 WL 8474763, at *1 (N.D.N.Y. Sept. 29, 2020), *report and recommendation adopted sub nom. Gray on behalf of B.G. v. Amazon*, 1:20-cv-715 (MAD/DJS), 2021 WL 129051 (N.D.N.Y. Jan. 14, 2021)). The Court also finds no clear error in the Report-Recommendation's determination that the action lacks complete diversity. Diversity exists "only if there is no plaintiff and no defendant who are citizens of the same State[,]" *Wisconsin Dep't of Corr. v. Schact*, 524 U.S. 381, 388 (1998), yet the Complaint alleges that both Plaintiff Merritt and Defendant are residents of New York. *Id.* at 6 (citing Dkt. No. 1 at 2). Finally, the Court finds no clear error in the recommendation that the

Complaint be dismissed without prejudice. *Id.* (citing *Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 121 (2d Cir. 2017)).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 7, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint be **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[2]

**IT IS SO ORDERED.**

Dated: March 6, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.